# COUNTY OF SOMERSET.

## ROBERT TUTTLE *versus* OLIVER WALKER.

The owner of a parcel of land conveyed by deed a part thereof, reserving a strip at one end, three rods wide, for a road, if the town (in which the land is,) should lay out and accept a road over it; otherwise, reserving the same for a private way. And it was held that the fee of the whole part described in the deed passed to the grantee, subject to the easement, for a town way, if laid out; otherwise, for a private way.

And if such grantee obstructs the right of way, he will be liable in an action of the case for the actual damages caused the grantor or one who has acquired his rights. If no actual damage be proved, the plaintiff will be entitled to nominal damages.

THIS action was CASE; in which the plaintiff claimed to recover damages of the defendant, for placing a work-shop upon a strip of land which adjoined the land of plaintiff, over which strip he claimed to have a right of way, which the defendant had thus obstructed.

After the evidence had been introduced at *Nisi Prius,* the case was withdrawn from the jury, the parties consenting that TENNEY, C. J., who presided at the trial, should REPORT the same for the decision of the full Court, with jury powers.

From the case, it appears that, prior to Dec. 9, 1825, William B. Morrill, being the owner of a tract of land in Milburn, (now Skowhegan,) bounded on the north by Union street, on the west by Cross street, and extending southwardly to the river road, conveyed to Samuel Bickford fifteen rods of the same on Cross street, and six and a half rods on Union street, "excepting and reserving as follows,—if the town should hereafter lay out and accept a road from" Cross street, "to the river road, then the south end of the above described premises shall be considered and occupied for the use of the same, three rods wide, and otherwise, reserving the same for a private way forever."

Tuttle *v.* Walker.

On Feb. 9, 1833, Bickford conveyed the southerly portion of the same lot, with the same reservation, as was contained in Morrill's deed to him.

The land reserved for a way, is designated on the plan as the "3 rod strip," and the controversy in this action is as to the rights of the parties thereto.

The plaintiff having become the owner of the lot adjoining the strip on the south, afterwards obtained from Morrill a release of all his right and interest in the three rod strip " reserved in his deed to Bickford."

It was admitted that the defendant placed the building upon the premises in dispute.

The town has never laid out a road, as contemplated in Morrill's deed.

The defendant introduced testimony tending to show a possessory title in him; and plaintiff offered testimony tending to show that defendant had no such title.

*D. D. Stewart*, for the plaintiff.

The deeds show that the defendant never bought, paid for, or acquired any title to the strip in controversy, by deed; nor has he acquired any title by adverse occupation.

The language in Morrill's deed to Bickford, and in Bickford's deed to the defendant, is a technical *reservation* of a *right of way in gross*, to Morrill and his assigns. It is a *reservation* rather than an *exception*, because it creates out of the estate granted a right of way, which is a *new thing*. 7 Met. 110. The distinction between a reservation and an exception is, perhaps, more shadowy than real; and it may be unimportant to decide the point in the present case. 6 Cush. 135. It is supposed, however, that the correct construction of Morrill's deed, results in a technical reservation of a right of way in gross to Morrill and his assigns.

In *Bowen v. Conner*, 6 Cush. 137, SHAW, C. J., says, in delivering the opinion of the Court, "the Court are of opinion that the law is settled in Massachusetts by a series of decisions, that a right of way may be as well created by a reservation or

exception in the deed of the grantor, reserving or retaining to himself and his heirs a right of way, either in gross, or as annexed to lands owned by him, so as to charge the lands granted with such easement or servitude, as by a deed from the owner of the land to be charged, granting such way, either in gross or as appurtenant to other estate of the grantee. The rule has been rather assumed and taken for granted, than discussed and formally decided; but it has been judicially stated, adopted and acted upon as settled law in repeated instances, of which it will be necessary to cite a few only. *White* v. *Crawford*, 10 Mass. 183; *Atkins* v. *Boardman*, 20 Pick. 291, and 2 Met. 457; *Newell* v. *Hill*, 2 Met. 180; *Mendell* v. *Delano*, 7 Met. 176.

The private way reserved by Morrill, having been conveyed to the plaintiff, and the defendant having obstructed the same, this action is maintainable. *Munn* v. *Stone & al.*, 4 Cush. 146.

Morrill having been the original owner of all the land now owned by both parties, had the right, (to use the language of SHAW, C. J., in *Salisbury* v. *Andrews*, 19 Pick. 252–3,) "to carve out and sell any portion that he pleased, and the terms of the grant, as they can be learned, either by words clearly expressed or by just and sound construction, *will regulate and measure the rights of the grantee.*"

If the defendant objects that the action is not maintainable because no special damages are shown, the Court are referred to *Atkins* v. *Boardman & als.*, 2 Met. 469, as decisive upon that point.

*Coburn & Wyman*, for the defendant.

1. The fee of the *locus in quo* passed to Bickford by Morrill's deed of Dec. 9, 1825. The land is clearly and specifically granted, and the reservation is of a right to locate a road, and, in case the road should not be located, then of a private way.

If the reservation be construed to be an exception, and to cover the soil, it is repugnant to the deed and void. *Hart* v.

*Chalker*, 5 Conn. 311; 3 Kent's Com. 468, and cases cited; 2 Hilliard on Real Property, 352; *Cutler* v. *Tufts*, 3 Pick. 272.

2. If the plaintiff claims the soil, he has misconceived his action. Instead of case, for obstructing the *way*, it should have been trespass or a real action. ·

A *way* imports, *ex vi termini*, a right of passage over *another person's* land. *Fenner* v. *Sheldon*, 11 Met. 521–6; 3 Kent's Com. *419*; 2 Bouv. Law Dic. 627.

3. The reservation was for the benefit of the town. It was a dedication, which the town might avail itself of by laying out a road, or by using the *locus* as a private way, at its option. The dedication has not been accepted in either mode, and, until such acceptance, the owner of the soil will have unrestricted use.

It has been settled, both in this State and in Massachusetts, that a town may become seized of a right of way, by grant, prescription, reservation or dedication, and that such way will not be a public road which the town is obliged to repair, but a *private way*, open only to inhabitants of the town, imposing none of the obligations and liabilities of a statute way. *Commonwealth* v. *Low*, 3 Pick. 408; *Larned* v. *Larned*, 11 Met. 522; *State* v. *Sturdevant*, 18 Maine, 66; 2 Greenl. Ev. 662.

4. *If* any right was left in Morrill, by virtue of the reservation, it was a right of way *in gross*, and *not assignable*. Such a way, even if assignable, would not pass by deed of the land. 3 Kent's Com. 420; *Whelock* v. *Thayer*, 16 Pick. 68.

5. Such right, if any existed, whether in gross or appurtenant, was abandoned and lost before action brought. For thirty years after the reservation, no way was opened or used; more than twenty years of this time, the defendant had the land enclosed with his own, and used it for cultivation and other purposes.

The obstructions and expenditures for permanent improvement, being known and acquiesced in, are the strongest evidence of abandonment, if there was any right to abandon, and can be accounted for on no other ground. 2 Greenl. on

Ev. 665; 3 Kent's Com. 448; *Morse* v. *Copeland*, 2 Gray, 302; *Emerson* v. *Willey*, 10 Pick. 310.

6. Such right cannot have become appurtenant to the premises of which the plaintiff is alleged to be seized, for it does not appear that Morrill owned said premises at the time of the reservation. The deed from Morrill to Atwood, in 1846, may be evidence of title in Atwood, but not in Morrill; much less, of title in Morrill twenty years prior to its date.

7. It does not appear, that the plaintiff is seized of said premises. The evidence leaves the title in Cony Pooler.

8. A *bare right of way, not a way in fact,* will not pass as an "appurtenance." It is an essential idea of appurtenant, that the incident *be used with* the principal. "An appurtenant," says SEDGWICK, J., in *Leonard* v. *White*, " is a thing *used with* and related to, or dependent on, another thing, more · worthy." Chancellor KENT says, of incorporeal hereditaments in general, " they are, *by their own nature* or *by use*, annexed to corporeal inheritances."

COKE says of appurtenant, " prescription, *(which regularly is the mother thereof.)*" It is difficult to perceive how, in any other way than by use, a visible connection, or any actual connection, can be established between them. Nor is any reason perceived why a right of the grantor, existing outside of the granted premises, which has never been used with them, and of which the grantee has no knowledge, should pass to the grantee. *Leonard* v. *White*, 7 Mass. 8; *Grant* v. *Chase*, 17 Mass. 443; 3 Kent's Com. 402.

9. The obstructions complained of were erected by the consent and license of those under whom the plaintiff claims. The evidence on this point is conclusive and uncontradicted. The objection made in the case of the stable, five or six years after its erection, and not persisted in, does not qualify this position. If it had been persisted in, it was too late, whether we put it on the ground of a license, clearly implied from the facts, or on the ground that Morrill stood by and saw the defendant expend money without making known his claim. Morrill's right was concluded when the building was erected.

Whatever conflict there may have been in the authorities on the question whether a license, executed, is revocable, all agree that it is a complete justification for acts done prior to its revocation. And the later authorities seem to have settled the question respecting a revocation, by distinguishing between licenses, to do acts on one's own land in derogation of an easement, and licenses to do acts on the land of another. The first are held not to be revocable, when executed, and to amount to an abandonment of the easement so far. *Pitman* v. *Poor,* 38 Maine, 237; *Dyer* v. *Sanford,* 9 Met. 395; *Morse* v. *Copeland,* 2 Gray, 302; Oliver's Precedents, 381, note; 1 Story's Equity, 387, 391.

10. The plaintiff has declared for a way by prescription. It is said, that in a declaration against the owner, the kind of way, as by grant, prescription, &c., should be set forth. However this may be, the plaintiff, having set forth the kind of · way, must prove it as alleged. 1 Chitty's Plead. 380; *Melville* v. *Whitney,* 10 Pick. 295; *Kent* v. *Waite,* 10 Pick. 142; *Odiorne* v. *Wade,* 5 Pick. 421; *Coolidge* v. *Leonard,* 8 Pick. 504.

11. The way has never been opened. The plaintiff has never attempted to use, or had occasion to use it. He has not, therefore, been obstructed in its use. Until he manifests a disposition to use the way and is subjected to some damage, he has no right of action. *Sutherland* v. *Jackson,* 38 Maine, 80.

The opinion of the Court was delivered by

Hathaway, J.—William B. Morrill formerly owned all the land between Union street and the river road, and bounded on the west by Cross street, in Skowhegan. [See plan, p. 281.]

By deed of December 9, 1825, he conveyed to Samuel Bickford a lot bounded northerly by Union street and westerly by Cross street, fifteen rods long on Cross street, and six and a half rods wide. In the deed was the following reservation:— " excepting and reserving, as follows:—If the town should hereafter lay out and accept a road, from the

Tuttle *v.* Walker.

road first mentioned (Cross street on the plan) to the river road, near the house of J. H. Hill, then the south end of the above described premises shall be considered and occupied for the use of the same, three rods wide; and otherwise, reserving the same for a private way forever," and by deed of February 9, 1833, Bickford conveyed the southerly part of his lot to the defendant, with the same reservation as was contained in Morrill's deed to him.

The plaintiff became the owner and occupant of the land south of, and adjoining, the three rod strip specified in the deed as reserved, which strip was conveyed to him by Morrill, by deed of July 3, 1855. The question is concerning the rights of the parties to the three rods reserved.

It was clearly Morrill's intention to reserve a right of way for a town road, if the town would lay it out and accept it; and if the town declined to do so, *then,* for a private way, as was obviously for his interest, as it would give him, and those to whom he might convey, easy access to his land adjacent, and therefore render it more valuable. Owning the whole lot, Morrill had an undoubted right, when he sold it, to make such reservations as he chose to make, either with a view to his own interest, or to that of other individuals, or for the public benefit. *Salisbury* v. *Andrews,* 19 Pick. 250. Morrill's deed to Bickford, from whom the defendant received his title, conveyed the fee of the whole lot of land described therein, subject to an easement for a town way over *the three rods,* if the town would accept it, and if the town did not use it for that purpose, as it seems they did not, then it was to be for a private way forever. *Hind* v. *Curtis & al.,* 7 Met. 94; *Bowen & al.* v. *Conner,* 6 Cush. 132.

The testimony reported does not show title in the defendant by adversary possession. His request to Morrill, in 1848, to convey his right to him, is inconsistent with any such claim of title.

The plaintiff took, by Morrill's deed to him of July 3, 1855, nothing more than the right which Morrill had reserved in the land, which was only a right of way, and as the defendant

maintained obstructions in the way, he is liable in this action. Proof of actual damage is not necessary. 16 Pick. 241. Whether the plaintiff is entitled to recover actual, or merely nominal damages, will be determined by the presiding Judge, by whom the parties have agreed the question of damages shall be settled.                    *Defendant defaulted.*

TENNEY, C. J., and RICE, APPLETON, MAY, and DAVIS, J. J., concurred.