HULDAH A. DENNIS *vs.* LEONARD WILSON.

The owner of a lot of land adjoining a highway sold and conveyed part of it, excepting and reserving, without any words of inheritance, a right of way extending from the highway along the line of division between the part sold and the rest of the land, for a distance less than the whole depth of the lot. *Held*, that the right was appurtenant to the rest of the land, whether or not it was limited to the grantor's life.

TORT for the obstruction of a right of way claimed by the plaintiff, as owner of a parcel of land in Barre, over adjoining land of the defendant. Trial and verdict for the plaintiff, in the superior court, before *Dewey*, J., who allowed a bill of exceptions the substance of which appears in the opinion.

*P. E. Aldrich*, for the defendant.

*G. F. Verry & F. A. Gaskill*, for the plaintiff.

WELLS, J. The plaintiff and defendant are adjoining owners of land fronting on the "old Worcester road." Both derive title from James W. Jenkins. Being owner of the whole tract, Jenkins conveyed the south part, which is now the defendant's, "excepting and reserving a right of way to pass and repass over said land, with teams and otherwise, on the northerly side of said premises, not exceeding eight rods from said old Worcester road."

At the trial, in the court below, the judge ruled that this right of way was appurtenant to the remaining land of Jenkins, and, as such, passed with the land to the plaintiff. The correctness of this ruling is the only question before us, upon these exceptions.

Such an easement is never presumed to be personal, when it can fairly be construed to be appurtenant to some other estats. Washburn on Easements, 28, 29, 161. *Smith* v. *Porter*, 10 Gray, 66. *Case of a private road*, 1 Ashmead, 417. When there is, in the deed, no declaration of the intention of the parties in regard to the nature of the way, it will be determined by its relation to other estates of the grantor, or its want of such relations. The *terminus ad quem* is of especial significance. *White* v. *Crawford*, 10 Mass. 183, 187. *Kent* v. *Waite*, 10 Pick. 138. *Mendell* v. *Delano*, 7 Met. 176. *Brown* v. *Thissell*, 6 Cush. 254. *Stearns* v. *Mullen*, 4 Gray, 151, 155. *Garrison* v. *Rudd*, 19 Ill. 558. Washburn on Easements, 161, pl. 5. In partition of land, a right of way set to one over the land of the other would certainly be presumed to be appurtenant, unless the contrary should clearly appear. *Davenport* v. *Lamson*, 21 Pick. 72. A partition by deed, with provision for a way over one of the lots for the use of the owner of the other, would be taken as making the way appurtenant, as a matter of course. *Bowen* v. *Conner*, 6 Cush. 132. It is difficult to see how a division of an entire tract by deed of part from a sole owner, with a like provision for a way, can receive any different construction.

In this case, Jenkins conveyed to Rice part of his entire tract of land. The right of way, excepted and reserved, extended from the highway in front, along the line of division, for a specified distance, less than the whole depth of the lots. As the grantor could have no occasion, apparently, to use such a way for any other purpose than for access to and egress from his remaining land, the inference would seem to be inevitable that it was for that use that both parties must have understood and intended the way to be held.

It is contended that the want of words of limitation to heirs and assigns not only limits the right to the life of the party to whom the reservation was made, but makes it personal to him.

If the nature of the right, as appurtenant or in gross, depended upon its duration or inheritable quality, it might be necessary to consider whether the clause in this deed is one of exception, carving the way out of the premises described in the deed, and retaining it in the grantor as a part of his former estate; or whether it created a new right in the land of the grantee by way of reservation or implied grant. But we do not think it is so dependent. Even if it were conceded that the clause in question is to be construed as one of reservation strictly, and that, for want of words of inheritance, the right is limited to the life of Jenkins, it does not follow that it is a mere personal right, not assignable. Its character must be determined by the purposes for which the way was intended to be used. Those purposes being ascertained from the terms of the deed, aided, if necessary, by the situation of the property and the surrounding circumstances, (*Green* v. *Putnam*, 8 Cush. 21,) the deed is to be construed accordingly. If the apparent purpose was for ingress and egress to and from the grantor's other land, that stamps the character of the way; and Jenkins cannot use it for other purposes, not connected with the occupation of such other land. A way is a means of passage from some place to some other place. A roadway or path, which leads to no place or object to which a person has an interest or right to go, is not a way. The rights of Jenkins in the way in question here, after he sold his other land and had no right to enter upon it, were reduced to mere nonentity, if they were only personal rights when reserved. Unless appurtenant to the land, his way was a useless *cul de sac.*

As a matter of authority, the case of *Bowen* v. *Conner*, 6 Cush. 132, is directly in point. There were no words of inheritance; but the way was held to be appurtenant. The term " forever," used in that case, is not equivalent to " heirs and assigns; " and will not impart inheritable qualities. 2 Preston on Estates, 4. 2 Bl. Com. 107. *Buffum* v. *Hutchinson*, 1 Allen, 58. *Curtis* v. *Gardner*, 13 Met. 457. *Sedgwick* v. *Laflin*, 10 Allen, 430. If this is a reservation and not an exception, that was the same; and so the cases are parallel.

The right of way in *Stearns* v. *Mullen*, 4 Gray, 151, was to the grantee and assigns only; but held to be appurtenant. The judgment is in point, though the chief justice, in his opinion, speaks of the right as limited to heirs.

A right of way may be appurtenant to the life interest of a dower estate, and expire with it. *Hoffman* v. *Savage*, 15 Mass. 130.

Whether a way is appurtenant to land depends upon its relation to the land in respect of use, and not upon any correspondence with the title of the owner in respect of duration. A way of necessity, which rests upon implied grant, is always appurtenant, although limited by the continuance of the necessity to which it owes its existence.

The limitation of a right, in express terms, to the life of a person, may afford some ground of inference that it was intended as a personal right; but that ground of inference would be overcome, if the nature of the right and its apparent use were such as to indicate that it related wholly to the convenience or occupation of real estate. When, however, the limitation results from omitting words of inheritance by an inartificial reservation, the inference in that direction, if any can be drawn therefrom, must be very slight.

All other considerations in this case tend to support the construction adopted by the judge at the trial.

*Exceptions overruled.*