GEORGE H. KUHN & others *vs.* WILLIAM A. FARNSWORTH.

Knox.    Opinion April 24, 1879.

*Deed,—construction of.    Reservation.*

A deed of warranty, after describing the exterior lines of the farm conveyed by monuments, courses and distances, continued as follows: " Containing one hundred and twenty-five acres and sixty-four rods, and no more, exclusive of the county road four rods wide through the above premises, which is reserved to the said " grantor; *Held,* that the fee in the land contained in the road where it crossed the farm was not excepted or reserved to the grantor, but passed to the grantee; the easement only being excluded to relieve the warrantor from his covenant against incumbrances.

ON REPORT.

TRESPASS *quare clausum fregit.*

The facts sufficiently appear in the opinion.

*Bradbury & Bradbury,* for the plaintiffs.

On intention of the parties. *Winthrop* v. *Fairbanks,* 41 Maine, 307.

On exception. *Winthrop* v. *Fairbanks, supra. Hammond* v. *Woodman,* 41 Maine, 192–4, 201, 203.  2 Wash. R. Prop. 688, 689.  4 Kent Com. 550, note *f. Bartlett* v. *Corliss,* 63 Maine, 287. *Kempton* v. *Swift,* 2 Met. 70. *Johnson* v. *Ragner,.* 6 Gray, 110. *Furbush* v. *Lombard,* 13 Met. 109.  4 Cruise's Dig. (Greenl. Ev.) Tit. 32, note. *Smith* v. *Ladd,* 41 Maine, 314. *Wooley* v. *Groton,* 2 Cush. 305. *Tyler* v. *Hammond,* 11 Pick. 193. *O'Linda* v. *Lothrop,* 21 Pick. 292. *Fennon* v. *Sheldon,* 11 Met. 521. *Swift* v. *Prentice,* 11 Met. 464. *Harris* v. *Elliot,* 10 Pet. 25.  3 Kent Com. (6 ed.) 434.

*A. P. Gould & J. E. Moore,* for the defendant.

BARROWS, J.   Action of trespass alleged to have been committed on plaintiffs' close, situated in Rockland, and described as being " so much of the land on and under the county road lying north-westerly of and contiguous to, and adjoining a lot of land," the boundaries of which are given, " and being the lot of land now occupied by John H. Adams and the Cobb Lime Company," and carrying away therefrom a large quantity of lime rock.

The case comes before us upon a report of evidence and facts agreed, substantially admitting the acts of the defendant as charged, and justifying them upon the ground of title in the defendant.

It is conceded that the land once belonged to Henry and Lucy Knox. Unless there was a valid reservation of it to Henry Knox, or an exception which excluded it from the conveyance made by said Henry and Lucy Knox to George Ulmer, June 17, 1800, the defendant has the elder and better title, and the action cannot be maintained. This deed conveys to Ulmer, in consideration of one hundred and eighty-one dollars, an oblong parcel of land, crossed by the county road, described by metes and bounds, "containing one hundred and twenty-five acres and sixty-four rods, and no more, exclusive of the county road four rods wide through the above premises, which is reserved to the said H. Knox."

It is admitted that Knox owned lands on both sides of the farm thus conveyed to Ulmer.

The question here is whether, by the language above quoted, the land occupied by the county road where it crossed the premises conveyed was excluded from the conveyance and reserved to Knox.

If it was not, the foundation of the plaintiffs' title fails.

So far as the probable intentions can affect the question, there seems little reason to suppose that the grantors, who were selling the circumjacent land at less than a dollar and a half an acre, would care to reserve the fee in the narrow strip covered by the location of the county road, and still less reason to believe that the purchaser of the farm would wish to take it thus divided by a barrier which, in the contingency of the discontinuance of the road, he might find it troublesome to cross. See *Derby* v. *Hall*, 2 Gray, 249, 250. The language, being that of the grantors, is to be construed strictly against them and beneficially for the grantee. *Wyman* v. *Farrar*, 35 Maine, 71.

The plaintiffs' counsel claims that " it would be difficult to conceive of stronger language than that used "—to indicate that the intention of the parties was to exclude from the conveyance to Ulmer not only the county road but the soil under it. But when

we look at the subsequent conveyances under which he claims, we find language much more appropriate. When Lucy Knox came to make sale, under license from the court, of all her deceased husband's interest in real estate for the payment of his debts, her conveyance is made in express terms to cover such interest as he had at the time of his decease " in the lands contained in the county road " within certain limits ; and later conveyances speak of " the land and lime rock " thus purchased. If it had been the fee of the land contained in the county road where it crossed the premises deeded to Ulmer which it was designed to except or reserve, it would have been easy for the grantors to say so, instead of reserving the county road, *eo nomine.*

When we speak of a road or way, there are two distinct rights and interests which naturally present themselves to the mind— the fee in the land itself, and the easement or use (public or private) which may be made of it for the purposes of travel and transportation. The owner of the fee may put the land to any use not inconsistent with the enjoyment of the easement that exists in it. *Perley* v. *Chandler*, 6 Mass. 454. *Adams* v. *Emerson*, 6 Pick. 57. *Goodtitle* v. *Allen*, 1 Burr. 133. The same doctrine is implied in *Thompson* v. *Androscoggin Bridge*, 5 Maine, 62. *Johnson* v. *Anderson*, 18 Maine, 76. The construction and effect of grants, exceptions and reservations of " roads " or " ways," where they depend upon the use of those terms in a conveyance, have been so often discussed, and the results reached have been so uniform, that a reference to a few, in which it is declared that they import only an easement and not the property in the soil, is all that can be required here. *Leavitt* v. *Towle*, 8 N. H. 96. *Graves* v. *Amoskeag Co.*, 44 N. H. 462. *Peck* v. *Smith*, 1 Day (Conn.), 103. *Hart* v. *Chalker*, 5 Conn. 311. *Jamaica Pond Aqueduct Corp.* v. *Chandler*, 9 Allen, 159. *Stetson* v. *French*, 16 Maine, 204. *Tuttle* v. *Walker*, 46 Maine, 280.

The terms of the exception or reservation in the deed from Knox to Ulmer are so nearly similar to those used in some of the cases above referred to, that we find no reason to give it a different construction.

The ingenious effort of plaintiffs' counsel to bring the case within the construction which has been given to grants or exceptions of a mill, house, wharf, well, or town pound, does not satisfy us that the same rule should be applied where the exception is of a " road," *eo nomine*, from a deed of an entire parcel contained within certain bounds, though the width of the road is mentioned, and its metes and bounds are capable of being ascertained.

The reason why the fee in the land on which they stand is held to pass by the grant of such structures as are above referred to is well stated in *Jamaica Pond Aqueduct Corp.* v. *Chandler, ubi supra*, by Bigelow, J. : " Because such structures necessarily comprehend and aptly describe the entire beneficial occupation and enjoyment of the land itself continuously, exclusively and permanently, and so clearly indicate an intent to grant the whole interest in the soil ; " but where the use to be made is occasional only " and does not embrace the entire beneficial occupation and improvement of the land, the reasonable interpretation is that an easement in the soil and not the fee is intended to be conveyed. Among the most prominent of this class of easements is a way."

But the plaintiffs' counsel strenuously contend that this is no mere reservation of a way, but a withdrawal of the land lying within the location of the road from the grant, by words limiting the general description of the land conveyed. This position must be carefully examined. It is plain that all the land within the lines of the lot as laid down in the deed was conveyed to Ulmer, unless the part covered by the location of the county road was excepted or reserved by the clause we have quoted. Is it sufficient for that purpose ?

To constitute a valid exception in a deed, the thing excepted must be as fully and accurately described as it should be in a grant of the same thing ; and, inasmuch as anything doubtful or uncertain must be construed against the grantor, there is need of language which is sufficiently explicit to make it certain what it is which is to be excluded from the conveyance for the benefit of the grantor, and whether it is the land itself, or only an easement in it. To leave it doubtful destroys the exception. The ambiguity might easily have been removed by the use of such language as

that which we find in the deed of Knox, administratrix, to Joy; and we think something of similar import would have been inserted in the deed of Knox to Ulmer, if the intention had been to except from that conveyance the land contained in the county road which intersected the farm conveyed. Plaintiffs' counsel argue that there was no occasion to except the easement, for that was secure, both to Knox and the public, by virtue of the location. But the primary object, we think, was to guard against any claim upon the covenant against incumbrances, as suggested in *Alden* v. *Murdock*, 13 Mass. 256.

Hence the reservation to the husband alone, the wife not being liable to any action on her covenant as the law then stood. *Colcord* v. *Swan*, 7 Mass. 291. 2 Kent's Com. (4 ed.) 167.

Perhaps, also, Knox's ownership of adjoining lands on both sides of the farm conveyed to Ulmer might induce him to provide against a possible discontinuance of the county road. Whatever the motives, no apt words to show an intention to except or reserve the soil in the road from the clear grant previously made by metes and bounds are used. The phrase relied on by plaintiffs simply expresses the number of acres and rods in the parcel conveyed, to which a clear title, free of all incumbrances, was given, the road only being reserved. See *Bartlett* v. *Corliss*, 63 Maine, 287, for an instance of the construction given to a conveyance of a certain quantity of land, "exclusive of water." The court there say that the meaning of the phrase " exclusive of " in that connection, is the same as if it had read " besides," or " not computing."

We do not think that the plaintiffs' position, that the land contained in the county road is excluded in the description of the farm conveyed to Ulmer, " by metes and bounds, or by the terms and obvious import of the deed," is well founded.

It is matter of curious interest to observe how carefully the learned counselor who acted as attorney for the administratrix in the execution of the deed to Joy in 1811, after limiting the grant to " the right, title and interest " which Knox " had at the time of his decease in and to the land contained in the county road " within certain limits, introduces an elaborate statement that " it is

expressly agreed and understood " that the administratrix is " not to be held to warrant the said premises by virtue of anything herein contained, express or implied,"—to warrant nothing in fact except the regularity of her own proceedings.

Holding as we do that the fee in the lands occupied by the county road within the limits of the farm conveyed to Ulmer passed to him under the deed of June 17, 1800, it is unnecessary to consider the other points so ably and elaborately discussed by the respective counsel.

*Plaintiffs nonsuit.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.