JACOB R. ELLIOT *vs.* MARIA W. SMALL and another.

July 9, 1886.

**Deed—Reservation for Street.**—A warranty deed granted and conveyed a parallelogram of land, nine chains and ninety-six links long, by five chains and two links wide, "containing five acres, * * * reserving from said grant a strip thirty-three feet in width, on the south side of said tract, for a public street." *Held*, that the fee of the 33-feet strip passed to the grantee.

Ejectment. The land involved in this action is a part of the "strip thirty-three feet wide on the south side" of the tract of land described in the opinion. Defendants claim title under the warranty deed mentioned in the opinion, and plaintiff claims under a subsequent quitclaim deed of the premises in dispute, made by the grantor of the warranty deed. Plaintiff appeals from an order of the district court for Hennepin county, *Lochren*, J., presiding, refusing a new trial.

*Shaw & Cray*, for appellant.

The reservation is an exception, and reserved the fee to the thirty-three feet strip to the grantor. *Keeler* v. *Wood*, 30 Vt. 242; *Roberts* v. *Robertson*, 53 Vt. 690; *Winthrop* v. *Fairbanks*, 41 Me. 307, 312; *White* v. *Crawford*, 10 Mass. 18; *Pettee* v. *Hawes*, 13 Pick. 323; *Whitaker* v. *Brown*, 46 Pa. St. 197; *Hartley* v. *Crawford*, 81* Pa. St. 478; *Getchell* v. *Whittemore*, 72 Me. 393; *Ill. C. R. Co.* v. *Ind. & Ill. Cent. Ry. Co.*, 85 Ill. 211; *Moulton* v. *Trafton*, 64 Me. 218; *Munn* v. *Worrall*, 53 N. Y. 44; *Jackson* v. *Hathaway*, 15 John. 447, (8 Am. Dec. 263;) 3 Washb. Real Prop. 369, 375, 376.

*Hart & Brewer*, for respondents.

BERRY, J. The warranty deed involved in this case granted and conveyed "all the following described piece or parcel of land, * * * viz.: Beginning at the north-east corner of section thirty-four; * * * thence westerly, on the section-line, nine chains and ninety-six links; thence southerly five chains and two links; thence easterly nine chains and ninety-six links; thence northerly five chains and two links, to the place of beginning, containing five acres; * * *

reserving from said grant a strip thirty-three feet in width, on the south side of said tract, for a public street, and a strip thirty-three feet in width on the east side, which is now used and occupied as a public road and highway." The parallelogram of land thus described —nine chains and ninety-six links by five chains and two links— contains just five acres, the quantity specified in the deed. The description is precisely that which is appropriate to the conveyance of the entire five-acre tract; whereas, if the intention had been to exclude from the grant a strip 33 feet wide off of the south side of the five-acre tract, then, inasmuch as the description is by distances, or dimensions of length and width, the more obvious, simple, and natural way of exclusion would have been to describe the tract intended to be conveyed as being 33 feet narrower than the tract in fact described; that is to say, as being four chains and fifty-two links, instead of five chains two links, in width.

It is difficult to see why, when he had adopted the plan of describing the property by its *width* in chains and links, the grantor should have specified a width greater than the actual width of the premises which he intended to convey, or why he should have embraced in the specified width 33 feet more than he intended to convey, simply for the purpose of taking it out again. The obvious and natural construction is that he meant to convey *all* that he described as a five-acre tract,—nine chains ninety-six links long, by five chains two links wide.

This being the apparent intention of the grantor in his description of the five-acre tract, how is it affected by the so-called reservation? Certainly, that does not operate to except from the tract the *fee* of the 33-feet strip on the south side, for this would be inconsistent with the intention mentioned, (if not repugnant, and therefore void,) but to reserve an easement of right of way for a public street in and over the strip. As it did not except the fee, and the strip had never been used as a street, and no street had ever been laid out or opened upon it at the time of the grant, the so-called reservation was not, strictly speaking, an *exception* of anything; for an *exception* is of a part of the thing granted, and of something *in esse* at the time of the grant. A reservation is defined to be something newly created or reserved

out of the thing granted, that was not *in esse* before; as, for instance, an easement. *Hurd* v. *Curtis*, 7 Met. 94; *Winthrop* v. *Fairbanks*, 41 Me. 307; Boone, Real Prop. § 303. So that although the terms "exception" and "reservation" are often used indiscriminately, and the difference between them is in particular cases sometimes obscure and uncertain, (*Bowen* v. *Conner*, 6 Cush. 132, and cases *supra; Roberts* v. *Robertson*, 53 Vt. 690,) the so-called "reserving" of the 33-feet strip in this case, "for a public street," would be a *reservation* proper, (if anything,) as distinguished from an exception, properly so-called. And right here, and upon this point, it is important to observe that the strip is reserved "for a public street." If the grantor intended to except the fee of the strip from the grant, his intention was not expressed. The strip is "reserved" *for a public street*, and for nothing else. This does not require the exclusion of the *fee* of the strip from the grant, but only an easement; and, upon the principle that a grantor's deed is to be taken most strongly against himself, no such exclusion of the fee is to be implied.

Our construction of the deed, then, is that it passed to the grantee the fee of the whole of the five-acre tract. *Peck* v. *Smith*, 1 Conn. 103, (6 Am. Dec. 216;) *Richardson* v. *Palmer*, 38 N. H. 212; *Tuttle* v. *Walker*, 46 Me. 280; *Kuhn* v. *Farnsworth*, 69 Me. 404; *Hays* v. *Askew*, 5 Jones, Law, (N. C.) 63; *City of Cincinnati* v. *Newell*, 7 Ohio St. 37.

Whether the reservation was of no effect, because it was to a stranger, and not to the grantor, as held according to the old common law, (*Hornbeck* v. *Westbrook*, 9 John. 73,) or whether it is valid in favor of the public, as appears to be held or intimated in *Tuttle* v. *Walker* and *City of Cincinnati* v. *Newell, supra*, is a question with which the case at bar would appear to have no particular concern.

Order affirmed.