HELEN HAMLIN ET AL v. JOHN M. ALLEN.

Plymouth, June, 1899.

*Way — Exception of Road from Grant Construed as Recital of Easement, Not Exception of Fee.*

Title in this case is claimed under a deed from the executors of the will of one Barnabas B. Nye, to one Allen and others, of a tract of land through which ran a public road. The description in the granting clause includes the road, and at the end of the description is the expression, " with the exception of the road from wall to wall." Allen subsequently acquired the shares of his co-tenants by deeds in which the same description of the land was employed, the road being mentioned in two or three deeds in the phrase, " with the exception of the wharf road," and in the third deed in the phrase " with the width of the wharf road reserved." When Allen sold he made use of the same description, using at the end the phrase, " with the exception of the road from wall to wall." Later the road in question was discontinued as a public way by the town of Marion. The respondent claims title to the land covered by the former road, or at least a right of way over it.

It seems clear that there was no exception in this case of the fee in the land covered by the road. The road is expressly included in the description, and if it had been intended to except the fee in the road, the boundary line on the road would have run by the inner side and not by the outer side of it. The law presumes that an easement only, and not the fee, is intended by the use of the words " road " or " way " in such a case unless the contrary is clearly shown. Jamaica

Plain Aqueduct Company *v*. Chandler, 9 Allen 159.   Wellman *v*. Churchill, 92 Maine 193.

In this case, however, it does not appear to have been the intention of the parties to make a technical exception at all either of fee or easement, but rather merely to note the fact, by proper recital, of a public highway running through the granted premises.   There was neither reason nor propriety, in a sale for the payment of debts, for an exception of either the fee or a right of way.   There was no estate to which such easement could be appurtenant.   On the other hand it was a common, though inartificial, method in country conveyancing of expressing the fact of the existence of a road through the property conveyed.   The repetition in later deeds of the language employed in the descriptions and recitals of earlier deeds, even though clearly inappropriate, is also a familiar feature of country conveyancing.   Moreover, in the deed from Allen there was the additional motive of using the exception to relieve the grantor from his covenants both against encumbrances and of warranty.   Lively *v*. Rice, 150 Mass. 171.   Similar phraseology is often used for the latter purpose, and by its use the existing easement only is withheld from the operation of the deed.   Kuhn *v*. Farnsworth, 69 Maine 405.   Winston *v*. Johnson, 42 Minn. 398.   The public easement thus excepted was terminated by the discontinuance of the road by the town in 1887.

Decree for petitioner.

R. S. Dow for petitioner.

John M. Allen pro se.

(Note:  See also Wendall *v*. Fisher, 187 Mass. 81.)