WILLIAM ENDICOTT and Another v. WATSON P. DAVID-
SON and Another.[1]

July 11, 1913.

Nos. 18,169—(217).

**Payment of taxes and local assessments.**

1. A property owner, and his successors in interest, held bound, under the terms of a contract with an adjoining owner, to pay taxes and assessments upon a strip of the former's land set apart by the contract as an alley for the joint and equal benefit of both.

**Purchase at tax sale construed as payment.**

2. This obligation was not affected by such owner's subsequent separate conveyance of the alley strip and its several assessments for local improvements; and hence the grantee's purchase thereof at the tax sale operated merely as payment of the assessment as against the owner of the other property for whose joint benefit the alley was established.

**Cancelation of tax certificate.**

3. The certificate of tax sale in the hands of such grantee *held* properly canceled.

Action in the district court for Ramsey county to require defendants to redeem a certain alley mentioned in the opinion from an assessment sale and adjudge that the certificate of sale be canceled, and as between the parties to the action be a payment merely of the assessment. The facts are stated in the opinion. The case was tried before Brill, J., who made findings and ordered judgment in favor of plaintiffs. From the judgment entered pursuant to the order, defendants appealed. Affirmed.

*B. H. Schriber,* for appellant.
*Lightner & Young,* for respondent.

PHILIP E. BROWN, J.

Action to cancel a tax sale certificate. In August, 1888, the Pioneer Press Building Company and William Endicott, one of the

[1] Reported in 142 N. W. 805.

plaintiffs, were the owners of contiguous lands in the same block in the center of the business district in St. Paul. The same year, and in contemplation of improvement of their respective lands by erection of substantial office buildings thereon which was shortly thereafter done in substantial compliance with the contract about to be mentioned, they entered into a contract, which was duly recorded on September 3, 1888, wherein, after reciting the respective ownerships and the purpose to improve, and the desirability of mutual concessions regarding the use and occupation of the premises, in order that the land might be used and occupied with the greatest convenience and profit to both parties, they provided for the establishment of an alley between the two properties upon that of the company, the free use of which was given to Endicott jointly with the company and without preference or hindrance to either, after the completion of the company's building, forever, conditional, however, that if Endicott did not materially contribute to the wearing of the alley roadway by use he was not to be liable for repairs. The company also agreed to change and reduce the grade of such roadway, and covenanted to build it of durable material at its sole cost; being given, however, the right "to place one end of the iron beams to be used for the purpose of supporting the roadway" of the alley "in the walls of" the Endicott Building, the company to have the right to use space thereunder as a part of its building, subject to the right of Endicott to enter therein and to use portions thereof in case he should thereafter desire to do so, in order to strengthen the foundations of his building about to be erected or any future building which he or his assigns might construct on his property. Endicott was also granted permission to place the footing stones to be laid beneath the foundation of his building, under the alley, but agreed that the wall of his building should be erected two and one-half feet therefrom.

Finally, it was declared in the contract that it was "intended to adjust, settle and determine all and singular the rights to which either party hereto may be entitled as against the other or the obligations under which either party hereto may rest in favor of said other party with relation to the lands covered by this agreement and

all things thereunto incident or appurtenant," and that the contract should be binding upon the heirs, assignees, and representatives of the parties forever. There were also other provisions, unnecessary to recite, but nothing was stated as to which party should pay the taxes on the alley. However, the company, or their successors in interest, paid them until 1909, in which year it conveyed all of its premises to defendant Watson P. Davidson, who, thereafter and in the same year, conveyed to Philleo exactly the same land covered by the alley, who, in turn, conveyed the same to defendant Sarah M. Davidson, wife of Watson.

Subsequently to the creation of the alley easement, and prior to the bringing of this action, plaintiff William conveyed to plaintiff Henry Endicott an interest in his property. In 1910 a local paving assessment was levied against the lands covered by the agreement, other than the alley, and a separate assessment was made upon the alley, which latter was not paid, and the same was duly sold by the city therefor to defendant Sarah for $77.14, and a certificate of sale was issued to her, which she now holds. Thereafter, defendant Watson demanded of plaintiffs that they pay one-half of the alley assessment, but they refused to pay any part thereof and demanded that defendants pay the same and redeem from the sale, which defendants refused to do. Defendant Watson, however, now offers to pay one-half of the amount, if plaintiffs will pay the other half.

The cause was tried to the court, and findings were made substantially in accordance with the facts recited. The court determined that, under the contract, the duty devolved upon the company and its grantees to pay the taxes and assessments on the land upon which the alley easement was created, and that the rights and burdens imposed created and imposed by the contract passed to and became binding upon defendant Watson by the conveyance to him; and, further, that the obligation to pay taxes and assessments upon such land could neither be destroyed nor imposed upon plaintiffs, nor could their right to have taxes and assessments paid be impaired, by separate conveyance of the strip of land set apart for the alley, and such obligation was binding upon defendant Sarah; that the purchase by her for the amount of the assessment consti-

tuted payment thereof, and plaintiffs were entitled to have the certificate canceled. Judgment was entered accordingly, and for disbursments in the sum of $5.62, against both defendants. They appealed separately therefrom.

The ultimate question involved is, did defendant Sarah M. Davidson's purchase of the tax sale certificate inure to plaintiff's benefit? She argues that it did not, because she was not legally or equitably bound to pay the assessment, and had the right to purchase the certificate and hold it against plaintiffs. The essence of her claim is that she owed no duty to plaintiffs regarding taxes assessed against the land covered by her purchase. We cannot sustain these positions. Unquestionably, the contract vested in Endicott a perpetual right to use the alley in connection with his abutting property, and it is apparent that, if plaintiffs' rights could be destroyed by a hostile title acquired by her through her own default, the stability of their building would likewise be destroyed, it appearing that, under the terms of the contract, the footing stones of its foundation were laid beyond the line of their property and under the alley.

In construing the contract, we must apply the elementary rule of accomplishing the intention of the parties and giving effect to and sustaining such intent. While no express provision relates to payment of taxes on the alley property covered by the deed to defendant Sarah, and while undoubtedly the fact that an attempt might be made to sever this strip of land from that of the company adjacent thereto was not contemplated when the agreement was made, nevertheless it must be held, as the only reasonable inference to be drawn from the terms expressly agreed upon, that the duty devolved upon the company, and its successors in interest, to protect Endicott's rights. On what principle can it be claimed that one may destroy by indirection valuable rights which he had forever granted to another? The defendant Sarah stands in the shoes of her predecessors in title. The obligation to refrain from incumbering the land conveyed to her with tax liens rested upon her, and the municipality's exercise of its taxing power by separate assessment of the alley property did not affect the rights of the parties. Winston v. Johnson, 42 Minn. 398, 404, 45 N. W. 958, is in point, as is also

Stansell v. American Radiator Co. 163 Mich. 528, 537, 128 N. W. 789, the latter case being very like the one under consideration. The conclusions of the trial court are sustained.

Defendant Watson's point as to the form of the judgment is not open for consideration here. Dunnell, Minn. Pr. §§ 1223, 1224, 1803.

Judgment affirmed.