JOSEPHINE ZITTLE and OTHO J. ZITTLE, her Husband *vs.* SAMUEL WELLER, and others.

### *Deed—Construction.*

B., being the owner in fee of a tract of land, conveyed to his mother, an undivided third part of it during her widowhood. Subsequently B. and his wife conveyed the same land to W. by a deed, the granting clause of which states that the grantors did thereby convey " unto the said J. W., his heirs and assigns, all their estate right, title and interest, trust property or claim, and demand whatsoever at law or in equity of them, the said S. A. B. and N., his wife, of, in and to, the following described parts of tracts or parcels of land, * * * *. It is understood by the parties herein mentioned, that the interest herein conveyed is the two-thirds of the above described land." HELD:

That this deed only conveyed to W. a two-thirds interest in the land described.

The rule which requires a deed to be construed most strongly against the grantor, is to be resorted to and relied on only when all other

rules of exposition fail to reach with reasonable certainty the intention of the parties.

The rule that where there are two contradictory or repugnant clauses in a deed the first clause shall prevail over the latter, has no application to a case where the supposed contradiction is between parts of the same clause.

APPEAL from the Circuit Court for Washington County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, IRVING, and BRYAN, J.

*Samuel B. Loose,* and *Hy. Kyd Douglas,* for the appellants.

In the construction of this deed the old rule, that "the words of an instrument should be taken most strongly against the one using them," cannot have much weight; the rule is harsh and arbitrary, and is resorted to only in extreme cases, that is, when all other means have failed. *Varnum and Aspinwall vs. Thruston,* 17 *Md.,* 496.

The modern practice is to give every word a meaning, and to ascertain, from the whole instrument, the true intent and meaning of the parties. "The intention when apparent and not repugnant to any rule of law will control technical terms." One part should be compared with another, and the meaning extracted from the whole. *Hope vs. Hutchins,* 9 *G. & J.,* 77; *Walters vs. Griffith,* 2 *Md.,* 326; *Jackson vs. Myers,* 3 *Johnson, (N. Y.,)* 388.

The first part of this deed purports to convey the whole interest in the land; but subsequently there is a clause limiting and controlling the words of general grant. This clause shows the particular intention of the parties, and distinctly limits and defines the interest conveyed. It

stands in the premises and must be construed as part thereof; just as if the grantor had said, " I am hereby conveying to you all my interest in this land, but that interest is only two-thirds of it." If the grantor at the time had a greater interest the rule contended for might be applied to him; if he had not, how could he be understood as conveying or attempting to convey more? But should this clause have occurred in the habendum, its operative effect would not be destroyed. *Hammond's Lessee vs. Brice,* 1 *H. & McH.,* 322; *Tyler vs. Moore,* 42 *Pa. State,* 374; *Wager, et al. vs. Wager, et al.,* 1 *Serg. & Rawle,* 374; *Moss vs. Sheldon,* 3 *Watts & Sergeant,* 160; *Stambaugh vs. Hollabaugh,* 10 *Sergeant & Rawle,* 357; *Stokely's Estate,* 19 *Pa. State,* 476; *Whitaker vs. Brown,* 46 *Pa. State,* 197; *Baker vs. McDowell,* 3 *Watts & Sergeant,* 358.

If the whole estate passed by this deed, then the subsequent clause is meaningless, and language, plain and intelligible, would stand for naught. Every word should have its meaning; and such a construction, therefore, would override the intention of the parties and do violence to the well established rules of law. Standing, as it does, after the general clause, and limiting the same, it takes precedence ; for it is a particular clause which sums up the final intention of the parties. 2 *Greenleaf's Cruise on Real Property,* 590, 591 *and note,* 599 *and note; Ousby vs. Jones,* 28 *Sickels, (N. Y.,)* 621; *Hammond's Lessee vs. Brice,* 1 *H. & McH.,* 322; *Mims vs. Armstrong, Cator & Co.,* 31 *Md.,* 87.

In an analogous case, a conveyance of land, after the description, but before the habendum, contained a clause stating that "the said land is to be common and unoccupied." Held, the words took effect as a valid reservation. 2 *Greenleaf's Cruise on Real Property,* 649, *and note.*

If, however, in construing this deed, it would seem that the two clauses cannot stand together, on account of re-

pugnancy, construing both as granting clauses, then the latter clause would be good and effective as a reservation or exception.   The technical terms "except" and "reserve" are not essential; it is sufficient where the language shows the intent.  4 *Kents Commentaries,* 486, *notes "e" and "f"*; *Sheppard's Touchstone,* 77, *et seq.; Clark vs. Cottrell,* 42 *N. Y.,* 527; *Allen vs. Allen,* 14 *Maine,* 387; *Pike vs. Moore,* 36 *Maine,* 314; *Sprague vs. Snow,* 4 *Pick.,* 54; *Jackson vs. Stevens,* 16 *Johns.,* 114.

But they can hardly be called *repugnant clauses.*   They are merely two clauses or sentences in the same premises, intended to limit and define the interest conveyed, and the intention could not have been expressed more clearly.   In construing deeds Courts do not search for contradictions nor strain language to find them.   They rather think with C. J. TILGHMAN, (1 *Sergeant & Rawle,* 374,) "it never could be a man's intent to contradict himself."

From the statement of facts it appears, at the date of the deed from Bachtel to Weller, that Harriet, the mother of Samuel Bachtel, was living and enjoying the estate granted her by Bachtel, on the 28th day of June, 1852. At this time, therefore, Bachtel possessed the two-thirds interest in the land with the right of present enjoyment; the other third being a "reversion," the enjoyment of which depended on the "particular" estate granted his mother.   Actually possessing only the two-thirds, Bachtel intended only to pass the two-thirds.   A deed passes only the interest intended, no matter how general the terms. The language used clearly shows the parties contracted only for the two-thirds.   It is true that general words will pass a "reversion;" but not where a different intention is shown in another part of the deed.   The granting clause in this deed, preceding the description, and standing alone, would have carried the reversion; but subsequently occurs the saving clause, explaining what precedes, and showing the intention to be that the "reversion" was not within

the scope of the grant. And in order that the purpose and mutual understanding might be made unmistakably clear, the declaration in the deed limiting the interest conveyed to two-thirds is immediately followed by a clause, in which Bachtel and wife bind themselves to ask no more than the amount of consideration mentioned in the deed— as if to repeat, emphatically, that $3,000 was for the two-thirds interest and was enough for it. 2 *Greenleaf's Cruise on Real Property*, 596, (*note*); *Chapman vs. Gatcombe*, 2 *Bing. N. C.*, 516; 2 *Scott*, 738; *Goodwin vs. Noble*, 8 *Ellis & Black.*, 587; *Mullineux vs. Ellison*, 8 *L. T. N. S.*, 236.

*Henry H. Keedy*, for the appellees,
Cited the following cases: *Oxenforth vs. Cawkwell*, 2 *Sim. & St.*, 558; *Strutt vs. Finch*, 2 *Sim. & St.*, 233; *Stockett vs. Goodman, Adm'x*, 47 *Md.*, 59; *Miner's Appeal*, 61 *Pa.*, 285; *Cutler vs. Tufts*, 3 *Pick.*, 272; *Swick vs. Sears*, 1 *Hill*, 17.

IRVING, J., delivered the opinion of the Court.

A bill was filed by the appellants, against the appellees, for the sale of certain real estate for the purpose of partition. The bill was dismissed upon the ground, that the complainants had no interest in the property, because it was held, that Samuel A. Bachtel, the father of the complainant Josephine Zittle, had, in his life-time, conveyed all his interest in the real estate to the ancestor of the defendants, Jacob Weller. The sole question, presented by this appeal, is the construction of the deed from Samuel A. Bachtel to Jacob Weller.

Being entitled to the estate in fee, on the 28th of June, 1852, Samuel A. Bachtel conveyed to his mother, Harriet Bachtel, one undivided third part of the lands during her widowhood. On the 19th of May, 1853, he executed to Jacob Weller the deed which raises the present contro-

versy. The reversion in fee to the grantor and his heirs, was expressly reserved in the deed to Mrs. Bachtel. She died two years ago, and the complainant, Mrs. Zittle, the only child and heir-at-law of Samuel A. Bachtel, filed her bill claiming one-third part of the lands and asking for a decree for its sale for partition. The appellees contend, that the reversion of Samuel A. Bachtel in the undivided third conveyed to his mother passed by his deed to Jacob Weller.

The granting clause of this deed reads thus, "and by these presents do grant, bargain and sell unto the said Jacob Weller, his heirs and assigns, all their estate, right, title and interest, trust property, claim and demand whatsoever at law and in equity, of them, the said Samuel A. Bachtel and Nancy his wife, of, in, and to the following described parts of tracts or parcels of land situate in the county and State aforesaid, viz., the first part being part of a tract of land called 'Bachtel's Abode,' beginning at a white oak tree marked with three notches," &c., &c. * * "The second parcel being also a part of said resurvey, called 'Bachtel's Abode,' beginning," &c. * * "The third parcel being a tract of land called 'Poor Chance,' beginning at a white oak tree about ten perches north of the spring, and containing sixty-six acres, as will more fully appear from a plat of S. S. Downin, S., Washington County; the three parcels of land herein conveyed, are supposed to contain four hundred and forty acres. It is understood by the parties herein mentioned, that the interest herein conveyed, is the two-thirds of the above described land." Immediately following this description of the property conveyed follows this language: "And the said Samuel A. Bachtel and Nancy his wife *binds* themselves, their heirs, assigns and administrators, to the said Jacob Weller, his heirs and assigns, to make no further claims or demands more than the above written amount of money." Then follows the usual language

about buildings and appurtenances, and the usual *haben-dum* clause, and a covenant of warranty for further assurances.

It is a cardinal principle in the construction of deeds, contracts and wills that the intention of the parties shall prevail unless it violates or infringes some established principle of law. (*Hope vs. Hutchins*, 9 *G. & J.*, 78.) To ascertain this meaning and intent of the parties resort must be had to the whole deed that every word of it may take effect and none be rejected. This is a well-established and ancient rule of construction. *Sheppard's Touchstone*, 87.

Chancellor KENT says, in the 4th vol. of his *Commentaries*, (11th edition,) page 466, margin, that "in construing deeds Courts will give effect to every part of the description, if practicable." Following these rules we have no difficulty in determining the intention of the parties to this deed, which though not skillfully drawn and couched in the most appropriate language, is nevertheless sufficiently intelligible to leave our minds in no doubt as to the real understanding of the parties in making and accepting the deed. In holding that this deed did not convey to Jacob Weller but two-thirds interest in the land, we do no violence to the rule which requires a deed to be construed most strongly against the grantor; for the authorities say this rule is to be resorted to, and relied on, only where all other rules of exposition fail to reach, with reasonable certainty, the intention of the parties. Being "a rule of strictness and rigor," BACON quaintly says, in "*Maxims of the Law*," rule 3, "it does its office, but in the absence of other rules which are of more equity and humanity." 1 *Sheppard's Touchstone*, 88, *and note;* "*Bacon's Law Tracts*," p. 46; *Pike vs. Munroe*, 36 *Maine*, 314. The rule that where there are two contradictory or repugnant clauses in a deed, the first clause shall prevail over the latter, has no application in this case; for this is not an

instance of such repugnance. The supposed contradiction is not between two clauses, but between parts of the same clause. It is between sentences in the granting clause describing the property conveyed.

In the deed before us, the descriptive words with which the granting clause starts out, would be sufficient to carry all the interest of the grantors in the property, if there were no words added to indicate that less than the whole land, or less than all the grantor's interest therein was being granted; but there are words, and most material words added to the description, restricting the estate conveyed to two-thirds of the property described. If the description had been prefaced with this language, or if it had been stated that the parties "granted, bargained and sold two-thirds interest in the following property," no controversy could have arisen. But because the language concludes the descriptive and granting clause it is claimed to be repugnant, and that it must be disregarded. As the intention of the parties is the primary object to be sought after, we do not see why language expressly declaring what that intention is shall be disregarded and pronounced null. If the language were at the end of the deed without any connection with the granting clause, there would be some ground for invoking the rule, that the first clause of the deed shall prevail over the latter. But here the description of the estate conveyed is closed with the express declaration of what the parties mutually understood as being bought and conveyed. The clause is not dexterously constructed, but the language closing the description is not ambiguous or equivocal, and must be construed as restricting the first words of the description to a grant of all the grantor's estate and interest in two-thirds of the property. The language used in the beginning is, "all their estate, interest, &c., in the following described *parts* or parcels of land;" and a part of that description referred to, is the express statement that the

interest in those parcels of land which have been described is a two-thirds interest. If instead of the language used it had ended thus: "that is to say, the said grantors do grant and convey two-thirds interest and estate in the above described parcels of land," it could hardly have been contended that more than two-thirds thereof would have passed. The suggested language is not more explicit, though it may be more formal. The reasoning of this Court in *Mims vs. Armstrong, Cator & Co.*, 31 *Md.*, 95, is especially applicable to this case, and the principles there applied must control this decision. Borrowing the language of the Court in that case, we may say, that "to withhold this meaning from the words employed is to deny them all import whatever; and that is justified by no rule of construction." The covenant to make no further demand, "more than the money mentioned," which immediately follows the language declaring the interest or estate conveyed, and which has been relied on by appellees' counsel in support of his construction, can have no such effect. It is only a covenant to demand or claim no further money consideration for that which was sold than the money named. If the acreage of the land sold should prove larger than the estimate named in the deed, the grantors would be concluded by this covenant to claim no more money. There is a covenant of warranty in the deed, and for further assurances, but these covenants can only relate to and operate to assure the interest and estate which is described as conveyed.

The construction of every instrument depends upon its own peculiar language, for the slightest difference in phraseology may, and often does change the meaning, and control the interpretation. Hence it is that adjudged cases are rarely found presenting exact analogy, and are seldom controlling, except as to a principle declared. Cases bearing some analogy to this one have been cited by appellees' counsel, which seem to have influenced the

Zittle *vs.* Weller.

decision in the Circuit Court. Without expressing any approval of, or dissent from, those cases, it is enough for us to say, that we think the language of this deed materially differs from that employed in the deeds they construe ; and that whereas the intention may have been sufficiently obscure in them to apply the rule of construction most strongly against the grantor, the intention of the parties here is too clear to be disregarded. We may add that quite a number of the cases cited by the appellant's counsel has strong analogy to this, but our decision is rested upon the language of the deed. If it had been intended by the parties in the language declaring only two-thirds interest was conveyed, only to exclude the life estate of the grantor's mother in one-third of the estate, other words would most certainly have been used. There is no mention made of the life estate or the life tenant. We only know there was one by extrinsic testimony. We will only add that this decision in no respect conflicts with *Stockett vs. Goodman,* 47 *Md.,* 54. In that case the subsequent language was clearly used for the sole purpose of identification and further description, and not by way of restriction. Finding the Circuit Court erred in dismissing the complainant's bill, the decree must be reversed.

*Decree reversed, and*
*cause remanded.*

(Decided 13th February, 1885.)