Ingraham, J.
In 1817, one Stewart conveyed the lot owned by the plaintiff to Bartholp, and that deed contained a covenant giving to the grantee “the right of passing and repassing through the alley, without being a hinderance- or annoyance to such other persons as the parties of the first part have privileged or may hereafter privilege.” By that right the grantee and his assigns-were given the right of passing and repassing through the alley. They had no title to the fee, and were given no right to use either the land below the-surface or the air above. It was a mere right of passage, and, as long as that right of passage is not interfered with, plaintiff has no cause of complaint. By that deed the title to the fee remained in the owner of the alley, who was-entitled to use it in any way not inconsistent with the grantee’s right of passage; and no excavations ot the soil or use of the land underneath the surface-of the ground, so long as the right of passage was not interfered with, was-an impairment of the plaintiff’s right. There was no evidence upon the trial to show that the defendants i ntended or threatened to interfere with this right, of passage, or to interfere with the use of the alley as a means of access to the-plaintiff’s premises. The excavation of the earth underneath the alley was-not such an interference as would justify the interposition of a court of equity.. I think, therefore, the plaintiff has failed to make out a cause of action, and. the complaint should be dismissed, with costs.