CATESBY GRAHAM BROWN ET AL. vs. ELIZABETH S. REEDER ET AL.

*Perpetuities—Duration of Trust Estate—Conveyance in Trust for Grantor for Life and for Grantor's Son and his Heirs Forever.*

A deed conveying a tract of land to a trustee declared that it was the purpose of the grantor to make provision for herself and her son William against future contingencies, and for the support of her son, and the evidence also showed that to be the purpose of the grantor. The deed conveyed the land to the trustee to hold in trust for the use and benefit of the grantor for life and after her death, in trust for the use and benefit of her son William and his heirs forever. *Held*, that this limitation to the use of the heirs of William forever, does not create a perpetuity. That the estate of the trustee is measured by the object of the trust which was to preserve the property during the lives of the grantor and her son. That upon the death of the survivor of these two, the trustee had no further duties to perform and the whole equitable estate in fee was then vested in the heirs of William and that they have the right to call on the trustee for a conveyance of the legal title.

The duration of a trust estate is measured not by the words of inheritance or other technical terms used in creating it, but by a consideration of the object and purpose of the trust.

*Decided November 14th, 1908.*

Appeal from the Circuit Court for Charles County (MERRICK, J.)

The deed mentioned in the opinion of the Court is as follows: This deed made this 18th day of June in the year eighteen hundred and eighty, by Elizabeth S. Bowie, of Charles County, in the State of Maryland: Whereas the said Elizabeth S. Bowie is desirous to make provision for herself and her son, William T. Stoddert, against future contingencies, and for the maintenance and support of the said William T. Stoddert: and Gustav A. Rasch, of Baltimore City, in the State aforesaid, is willing to accept the trust under these presents, and to discharge and execute the same according to the true intent and meaning

thereof: Now this deed witnesseth, that the said Elizabeth S. Bowie, in consideration of the premises, and the sum of one dollar, doth grant, bargain and sell unto the said Gustav A. Rasch and his heirs, unto the use of him and his heirs, all that tract or part of a tract or parcel of land called "West Hatton" and the "Reserve," being a part of "Wicomico Field," and other parcels or tracts called "Fords's Amend-ment," being parcels held in connection with the principal tract, and lying on the Wicomico river in the lower part of Charles County aforesaid: Containing five hundred acres, more or less, and now known as "Wicomico."

To have and to hold the said tract, part of a tract or parcel of land, for the following purposes and none other; that is to say, *in trust* for the use and benefit of the said Elizabeth S. Bowie during her natural life, and so as she alone, or such person as she shall appoint, shall take and receive the rents, issues and profits thereof; and from and after the decease of the said Elizabeth S. Bowie *in trust* for the use and benefit of the said William T. Stoddert and his heirs forever; the said trustee to collect the rents, issues and profits from said land and pay the same to the said William T. Stoddert, or to permit the said William T. Stoddert to use and occupy the said land, whichever the said trustee may consider most advantageous to the said William T. Stoddert.

It is hereby declared and provided that said trustee shall have power at any time after my death, with the approbation and consent of the said William T. Stoddert expressed in writing—and provided the trustee shall consider it for the manifest advantage of the said William T. Stoddert—to deter-mine the trust hereby created and to convey by deed the legal title to the real estate, hereinbefore mentioned, to the said William T. Stoddert in fee simple, without having recourse to a Court of equity.

Witness my hand and seal.     

Elizabeth S. Bowie (seal)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE and WORTHINGTON, JJ.

*L. Allison Wilmer* and *W. Mitchell Digges* (with whom was *Walter J. Mitchell* on the brief ), for the appellants.

*Adrian Posey* and *W. Roy Stephenson*, for the appellees.

WORTHINGTON, J., delivered the opinion of the Court.

The more essential facts of this case, briefly stated, are as follows: Mrs. Elizabeth S. Bowie, widow, of Charles County, Maryland, being the owner in fee of a certain tract of land located in that county, containing about 500 acres, known as "Wicomico," on the 18th day of June, 1880, made a deed of the same to one Gustav A. Rasch of Baltimore City, in trust for the use and benefit of herself for life, and after her death, "in trust for the use and benefit of her son, William T. Stoddert and his heirs forever," her son's name having been changed from Bowie to Stoddert, to please his grandfather, Maj. John T. Stoddert.

Subsequently on August 4th, 1885, during the lifetime of his mother, William T. Stoddert died, leaving one daughter, Mrs. Elizabeth S. Reeder, wife of Foster M. Reeder, as his only heir at law, who, together with her husband, is the appellee in this case.

Mrs. Elizabeth S. Bowie, the mother of William T. Stoddert, died on June 8th, 1905, at the advanced age of 85 years. A few days before her death, that is to say on May 17th, 1905, she executed a deed in fee simple of the same land to her nephew, Gustavus T. Brown, the original defendant in this case, who died pending the suit, leaving a son and two daughters, as his only heirs at law, who were made defendants in his place and now appear as the appellants in this Court.

The last mentioned deed from Mrs. Bowie to her nephew, Gustavus T. Brown, was, of course, of no avail beyond the conveyance of her equitable life estate, provided for in her deed to Rasch, if that deed was itself a valid conveyance. But, as Brown, and his heirs, the appellants, claimed the land under the deed of May 17th, 1905, on the ground that the

deed of trust of date June 18th, 1880, violated the rule against
perpetuities and was therefore void, and Mrs. Reeder, the ap-
pellee, claimed the property by virtue of the deed of trust,
which, as she contended, did not violate the rule against per-
petuities but was a perfectly valid deed, while on the other
hand, as she insisted, the deed to Brown was void, as well
because of Mrs. Bowie's mental incapacity at the time it was
executed, as of her want of title at that time, except as to her
equitable life estate, a bill of complaint was filed by Mrs.
Reeder and her husband, the appellees, in the Circuit Court
for Charles County, in equity, on August 9th, 1905, for the
purpose of having the validity of the two disputed deeds judi-
cially determined.

The lower Court upheld the deed of trust to Rasch and
declared the deed to Brown null and void and of no effect
whatever. The substituted defendants, heirs of Gustavus T.
Brown, deceased, have prosecuted this appeal.

The first and most important question presented by the
record, is whether the deed of trust to Rasch of June 18th,
1880, violates the well known rule against perpetuities, and is.
therefore void.

A copy of this deed is set out in full in the report of this.
case preceding this opinion.

It will be observed by referring to the deed that it recites as.
follows: "Whereas the said Elizabeth S. Bowie is desirous to·
make provision for herself and her son, William T. Stoddert,
against future contingencies, and for the maintenance and sup-
port of the said William T. Stoddert; and Gustav A. Rasch of
Baltimore City in the estate aforesaid, is willing to accept the
trust under these presents and to discharge and execute the·
same according to the true intent and meaning thereof," etc.

Then after conveying the property to Rasch and his heirs,.
"to the use of him and his heirs," she again declares the pur-
poses for which the grant is made, that is to say:

First, for her own use for life and then "in trust for the use·
and benefit of said William T. Stoddert *and his heirs forever.*"

As to the employment of the additional words, "to the use

of him (Rasch) and his heirs," we do not think they have any particular meaning or effect in this case, because the deed of trust is a deed of bargain and sale, whereby the bargainor herself was seized to the use, and by operation of the Statute of Uses, 27 *Henry*, 8, ch. 10, the use was executed in the bargainee. The additional words mentioned, added nothing to Rasch's title and served no office whatever, as without them he took the legal title and the additional use remained unexecuted in him and his heirs. *Brown* v. *Renshaw*, 57 Md. 67.

In connection with the conveyance of the legal title to Rasch and his heirs, the words of the deed to which the appellants especially refer, as creating a perpetuity are these: "in trust for use and benefit of said William T. Stoddert and his heirs forever."

Whether these words of themselves, without other words in the deed explanatory of the intention of the grantor, would create a perpetuity, we are not called upon to determine, for in construing a deed, as well as in construing other instruments of writing, we are not usually to confine ourselves to a single word or phrase, but to ascertain if possible the intention of the parties, and especially of the grantor, by considering the whole deed and every part thereof. *Waller* v. *Pollitt*, 104 Md. 172. 13 *Cyc.* 363.

The Courts are first, by an inspection of the deed, to ascertain what the parties intended should be effected by it, and then they are to expound it so as to accomplish that intention, unless expressions are employed which positively forbid it. *Peyton* v. *Ayers*, 2 Md. Ch. 64.

"It is the duty of the Court (the intention being ascertained) to give the instrument such interpretation as will effectuate that intention, provided the terms and expressions employed will admit of such construction." *Peyton* v. *Ayers*, *supra*.

In the construction of deeds and contracts the Courts take into consideration the language employed, the subject matter and the surrounding circumstances. *Chesapeake, etc., Co.* v. *Goldberg*, 107 Md. 485.

It seems only proper therefore, in this connection, to refer

to certain extrinsic circumstances connected with the making of the deed, which throw light upon the purpose and object of Mrs. Bowie in executing the same.

The land in question known as "Wicomico" and containing five hundred acres, more or less, originally belonging to Major John T. Stoddert, the father of Mrs. Bowie, who by his will devised the same to Mrs. Bowie for life, and then in fee to his grand-son William T. Stoddert.

Major Stoddert died in the year 1870. Subsequently his grand-son, William T. Stoddert, became involved in debt, and in 1879 a judgment was recorded against him in the Circuit Court for Charles County, and all his interest in remainder in the property was sold at Sheriff's sale under the judgment. This interest was purchased by Mrs. Bowie, for a small consideration, and conveyed to her by deed from the Sheriff, dated May 18th, 1880. One month later she executed the deed of trust to Rasch above mentioned.

The future contingencies mentioned in the deed, no doubt had reference to the apprehension of Mrs. Bowie concerning the probability of her son's again running into debt; and her purchase of his interest in remainder at Sheriff's sale and the making of the deed of trust to Rasch, we may very well ascribe to her desire to protect him from his own improvidence and to secure a means of support for him as long as he lived, and then to have the property go to his heirs in accordance with the provisions of Maj. Stoddert's will. Reading the whole deed of trust to Rasch in the light of surrounding circumstances it seems too plain for argument that these were the objects and purposes she had in view when she executed the deed.

Having thus ascertained that it was Mrs. Bowie's intention to create a trust so as to provide for the maintenance and support of herself and of her son, so long as they or the survivor of them should live, and no longer, it is our duty to effectuate that intention unless some rule of law or language in the deed should forbid it.

In the case of *Long* v. *Long*, 62 Md. 65, this Court speak-

ing by ALVEY, C. J., says: "The principle is now well set-
tled upon the most indubitable authority, that the extent of
the legal interest of a trustee in an estate given to him in trust
is measured, not by words of inheritance or equivalent terms,
but upon the object and extent of the trust upon which the
estate is given."

And so in this case though the deed to the trustee Rasch
is to him and his heirs, yet, as there was no duty whatever
for the trustee to perform after the death of both the grantor
and her son, there was no practical or useful purpose for con-
tinuing the trust beyond their lives, and it will not be inferred
that when the purposes of the trust have been accomplished
the grantor still intended that the trust should continue
throughout all generations.

In *Phelps Equity* at section 198, it is stated "that the dura-
tion of a trustee's estate is measured by the substantial objects
and purposes of the trust, and not by the technical form of the
words creating it."

Whatever title, if any, remained in Rasch or his heirs, or
vested in any substituted trustee, after the death of the equit-
able life tenants, it was a mere naked legal title, while the
whole equitable estate in fee was vested in Mrs. Reeder, the
only child and heir at law of William T. Stoddert, deceased.

In contemplation of a Court of equity an equitable estate
in lands may be aliened or devised, or in the absence of either
alienation or devise, it descends in the same manner as legal
estates. 2 *Washb. Real Property*, 532; *Reid* v. *Gordon*, 35
Md. 174; *Brown* v. *Renshaw*, 57 Md. 67.

The barren legal title in the trustee is of importance to the
owner of the equitable title only as it may be required to give
the latter a standing in a Court of law. *Matthews* v. *Ward*,
10 G. & J. 449; *Reid* v. *Gordon, supra.*

Both in the *Barnum Will case*, 26 Md. 119, and in the
*Deford Will case*, 36 Md. 175, as well as in the case of *Mis-
sionary Society* v. *Humphreys*, 91 Md. 131, all of which are
relied upon by the appellants to sustain their contention, the
trustee had active duties to perform and discretion to exercise,

so that "a Court of equity would be bound to supply a trustee to execute the trust to remote generations." *Missionary Society* v. *Humphreys, supra.*

In this case all the powers and duties of the trustee were required to be performed, if at all, during the lifetime of Mrs. Bowie and of her son, William T. Stoddert.

Since they are both dead the entire equitable estate in the land is vested in Mrs. Reeder; even assuming that the trustee still holds title to the property, it is at most only a dry legal title with no power or discretion to exercise, and no duty to perform, and she has the right to call upon him for a conveyance of the same to her, so that she may have indubitable standing in a Court of law, as well as in a Court of equity.

Rasch having voluntarily resigned the trust some years ago, in the lifetime of Mrs. Bowie, and Adrian Posey having been duly appointed in his place, and having accepted the trust, he is the proper person to make such conveyance, as the lower Court by its decree directed him to do.

We have carefully considered the able brief submitted by the counsel for the appellants, and have examined the authorities referred to therein, but we cannot see that the deed of trust to Rasch could by any reasonable and fair construction create a perpetuity such as is condemned by the policy of the law, and the Court will never strain a point to declare a deed of trust within the rule against perpetuities merely in order to strike it down, but on the contrary will uphold it by every fair intendment so as to effectuate the purpose and object of the grantor as ascertained from an inspection of the whole deed and every part of it, as read in the light of surrounding circumstances, and duly considering the subject matter.

In the case of *Johnson* v. *Preston,* 226 Ill. 447 (10 L. R. A. N. S. 564) cited by the appellants, the Court held that the rule against prepeutities applies to the creation of a term of years as well as to a freehold estate, but our predecessors have held that a lease for ninety-nine years renewable forever, does not violate the rule against perpetuities, because the property was not thereby placed *extra commercium,* which is the test. *Banks* v. *Haskie,* 45 Md. 207.

Neither do we think the property in this case was so placed by the deed of trust from Mrs. Bowie to Rasch and we find no words in that deed and no rule of law which forbid our giving effect to the intention of the grantor therein.

Having determined that the deed to Rasch is a valid deed and that the whole equitable title to the property was vested in Mrs. Reeder from and after the death of Mrs. Bowie, and that the lower Court was right in directing the legal title to be conveyed to Mrs. Reeder, it becomes unnecessary to consider the circumstances under which the deed to Brown of date May 17th, 1905, was made as Mrs. Bowie then had no title to convey except her equitable life estate which came to an end at her death, on June 8th, 1905.

We think the decree of the lower Court correctly determines the dispute between the parties concerning the whole controversy, and that decree will therefore be affirmed.

*Decree affirmed with costs.*