WILLIAM V. HODGES, Trustee, *v.* HATTIE E. OWINGS.

[No. 29, April Term, 1940.]

*Decided May 22nd, 1940.*

The cause was argued before OFFUTT, PARKE, SLOAN, JOHNSON, and DELAPLAINE, JJ.

*John B. Gray, Jr.,* with whom was *J. Frank Boyd* on the brief, for the appellant.

*Benjamin Hance* and *David A. Harkness,* submitting on brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal by a defendant from a judgment in favor of the plaintiff in an action of ejectment, tried before the court sitting as a jury.

By deed dated August 16th, 1898, Harry P. Owings and Hattie Owings, his wife, the first of whom was the owner of a tract of land in Calvert County, made a conveyance to the Chesapeake Beach Railway Company "in consideration that the Chesapeake Beach Railway Company do locate its Railroad through, in and upon lands owned by the said party of the first part in the Third District Calvert County, State of Maryland, and in further consideration of the sum of one dollar to him in hand by the said party of the second part paid, the receipt whereof is hereby acknowledged, doth hereby grant and covenant and agree to convey to the said party of the second part, its agents, attorney, or assigns, a strip of land sixty-six feet in width, and such additional width as may be required in the construction and use of said Railroad at cuttings and embankments one-half thereof on each side of the center line of said Railroad as the same shall be finally located, and extending in length as far as the said Railroad·shall pass over said lands, together with the right to divert streams of water for Railroad purposes, and to take and use any stone or timber or other material within the limits of said strip of land as said Railroad is now located. And the

said party of the first part doth hereby release to said party of the second part all claim for, and right to damages that may or might accrue to him or his heirs or assigns, for or by reason of the appropriation and occupancy of said strip of land by said party of the second part for use of said Railroad." The strip of land so generally described in the deed by actual survey contains 3.18 acres, and cuts a strip through the grantor's land in a northwest-southeast direction 66 feet wide, with some additions for cuts and fills, a distance of 1,878.19 feet.

According to the agreed statement of facts, some time prior to March 7th, 1896, the Washington and Chesapeake Beach Railway Company began the construction of a railroad to extend from the District of Columbia through Prince George's, Anne Arundel and Calvert Counties to Chesapeake Beach, Maryland; the project was not completed and through proceedings in a Federal Court its property and rights became vested in one Robert E. Tod. On March 7th, 1896, Robert E. Tod and others organized a corporation under the name of Chesapeake Beach Railway Company, the grantee of the deed involved in this case. The railway was then completed to Chesapeake Beach, running through the Owings land, and was operated continuously from September, 1899, to April 15th, 1935, when operations ceased.

In January, 1898, the Chesapeake Beach Railway Company executed a deed of trust to the Continental Trust Company of New York as trustee to secure an issue of bonds of the railway company. A suit was brought in the District Court of the United States for the District of Maryland, by the New York Trust Company, successor trustee, for a decree to sell the mortgaged property, and on July 19th, 1935, a decree was passed and Charles R. Webber, appointed special master to make the sale, and the property, including all the interest of the railway company in the land described in the declaration, was sold and conveyed to the defendant, William V. Hodges, trustee, who entered into possession of the land

and proceeded to and did remove the ties, rails, and other facilities from the land. During the time of its operation the land was assessed to the railway company, and, except for the period when relieved from taxation by Act of Assembly, the taxes were paid by it. Since his purchase the assessment has been in the name of William V. Hodges, trustee, and the taxes paid by him.

Harry P. Owings died February 3rd, 1939, leaving a will whereby he devised the residue of his estate, which included his interest in the land described, to his wife, Hattie E. Owings, who brings this suit.

The plaintiff offered one prayer, which was refused, and, as the defendant appeals, is not to be considered. The defendant offered four prayers, all of which would, if granted, have been constructions of the deed, which is a matter of law to be decided by the court, that the defendant took an estate in fee, and the verdict would, therefore, be for the defendant. All of the defendant's prayers were refused, exception taken, and, the verdict and judgment thereon being for the plaintiff, he appealed.

It is not denied that the railroad company, under its charter, could have taken a fee and that words of inheritance are not required to give a deed that effect. The defendant contends, however, that the deed is absolute on its face, and therefore, conveys a fee; the plaintiff that the deed shows an intent to convey only for the use of the land for railroad purposes; and that upon abandonment of such use it reverts to the grantor.

The rules for construction in this state are as prescribed by sections 11 and 12 of article 21 of the Code, which read:

"11. No words of inheritance shall be necessary to create an estate in fee simple, but every conveyance of real estate shall be construed to pass a fee simple estate, unless a contrary intention shall appear by express terms or be necessarily implied therein.

"12. The word 'grant,' the phrase 'bargain and sell,' in a deed, or any other words purporting to transfer the whole estate of the grantor, shall be construed to pass to

the grantee the whole interest and estate of the grantor in the lands therein mentioned, unless there be limitations or reservations showing, by implication or otherwise, a different intent."

Both parties agree that if the language of a deed be doubtful, it shall be most strongly construed against the grantor, but, as said in *Zittle v. Weller,* 63 Md. 190, 196, "this rule is to be resorted to, and relied on, only where all other rules of exposition fail to reach, with reasonable certainty, the intention of the parties." "And," as said in *Maryland State Fair v. Schmidt,* 147 Md. 613, 621, 128 A. 365, 368, "to ascertain its true meaning the situation of the parties and the circumstances attending the execution of the deed may be considered." *Brown v. Reeder,* 108 Md. 653, 657, 71 A. 417; *Logsdon v. Brailer Mining Co.,* 143 Md. 463, 474, 123 A. 113; *Weinbeck v. Dahms,* 134 Md. 464 107 A. 12.

Now, what was the situation of the parties here? The Chesapeake Railway Company contemplated the building of a railroad to Chesapeake City, which would run for a distance of over 1,800 feet through the land of Harry P. Owings, who was so willing or anxious to have the railroad built, that he conveyed the right of way "in consideration that the Chesapeake Beach Railway Company do locate its Railroad through, in and upon lands owned" by him, and the further consideration of one dollar. In other words he gave the company a right of way. In addition to the 66 foot strip, he granted the right "to divert streams of water for Railroad purposes," and the right "to take and use any stone or timber or other material within the limits of said strip of land." If there had been an intention to convey a fee, the grant of the land would have carried with it the right to use the "stone or timber or other material," without leave or license from the grantor or any one else. The purpose of the grantee was the building of a railroad, in which the grantor was willing to co-operate with the grantee by a gift of this piece of right of way. *Hawkins v. Chapman,* 36 Md. 83, 94.

We think it plain that the conveyance was of an easement for railway purposes and use only. The consideration for the conveyance having failed and the easement having been abandoned, the land is freed of the limitation. 2 *Tiffany, Real Property* 1363; 9 *R. C. L., Easements,* sec. 68; *Knotts v. Summit Park Co.,* 146 Md. 234, 241, 126 A. 280; *Glenn v. Davis,* 35 Md. 208, 217.

We are, therefore, of the opinion that the trial court was right in rejecting the prayers of the defendant, and its judgment should be affirmed.

*Judgment affirmed, with costs.*